RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/12/11
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ALBERT STEVENS, JR.<br>D.O.C.#497929 | DOCKET NO. 10-cv-1312; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| AVOYELLES CORRECTIONAL<br>CENTER, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* by Plaintiff Albert Stevens, Jr. Stevens is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DOC) and is currently housed at Allen Correctional Center. At the time of filing, he was incarcerated at Avoyelles Correctional Center (AVC) in Cottonport, Louisiana. He named as defendants AVC, Lynn Cooper, Gary Gremillion, Bruce Caslot, Jeffery Travis, and James LeBlanc. He claims that the defendants interfered with his receipt of mail, including legal mail.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to 28 U.S.C. § 626 and the standing orders of the court.

### *Plaintiff's Allegations*

Plaintiff alleges that:

- on or about January 22, 2010, Plaintiff's mother informed him that he would be receiving email from State Representative A.B. Franklin *concerning Plaintiff's eligibility for trustee class*. The emails arrived at AVC on January 27, 2010, but Sgt. D. Mitchell failed to forward the correspondence to

- Plaintiff;

- on January 28, 2010, Concerned Citizens Community Development Organization, Inc. (CCCDO, Inc.) forwarded **_"legislative data bytes" of law regarding smoking in prisons, as well as a schedule of upcoming legislative meetings_**. This message was not given to Plaintiff, either;

- on February 4, 2010, the director of CCCDO, Inc. told Plaintiff that she would forward another copy of the documents since he never received them, along with some case law pertaining to pending legal affairs in the Louisiana Supreme Court;

- on or about February 9, 2010, Plaintiff was called to meet with Defendant Gremillion, who informed Plaintiff that the emails had arrived but Plaintiff could not have them;

- in March 2010, Plaintiff filed an administrative remedy complaint regarding the denial of privileged mail;

- on March 30, 2010, Plaintiff was called to the education building by Defendants Bruce Castlot and Gary Gremillion. The defendants showed Plaintiff the mail from representative Franklin and CCCDO, Inc., but they would not turn the documents over to him.

- On or about May 4, 2010, Plaintiff forwarded his concerns regarding the mail to Defendants Cooper, Jeffery Travis (the Chief of Operations for the Department of Corrections), and James LeBlanc.

- because Plaintiff never was not given the documents from the mail room, his application to the Supreme Court was denied as untimely and he was unable to "adequately vindicate his legal rights in a prior pending civil action in the Louisiana Supreme Court as well as post conviction in the state district court.

### Law and Analysis

The Fifth Circuit has stated, "A prison official's interference with a prisoner's legal mail may violate the prisoner's constitutional right of access to the courts. Additionally, such interference may violate the prisoner's First

Amendment right to free speech - i.e., the right to be free from unjustified governmental interference with communication." Brewer v. Wilkinson, 3 F.3d 816, 820, (5th Cir. 1993), *cert. denied*, 510 U.S. 1123 (1994).

A.  **First Amendment**

Plaintiff claims that the defendants violated his First Amendment right by opening and inspecting his mail outside of his presence. Inmates have a First Amendment right both to send and receive mail, see Thornburgh v. Abbott, 490 U.S. 401 (1989), but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband, see Brewer, 3 F.3d at 821 ("A prisoner's freedom from censorship under the First Amendment ... with regard to his incoming mail is not the equivalent of freedom from inspection or perusal.")(citing Wolff v. McDonnell, 418 U.S. 539, 576 (1974)).

The inspection and censorship of incoming prisoner mail, **even if it occurs outside of the prisoner's presence and even if it is in violation of prison regulations,** does not provide grounds for relief pursuant to §1983. See Brewer, 3 F.3d at 825; Henthorn v. Swinson, 955 F.2d 351, 353 (5th Cir.1992) (rejecting a complaint concerning the opening of legal mail not bearing the required "special mail" inscription outside of an inmate's presence); see also Singletary v. Stadler, 2001 WL 1131949 (5th Cir. 2001) (unpublished per curiam)(affirming that "prisoners do not have a

3

constitutional right to be present when privileged, legal mail is opened and inspected"). Stated another way, "Standing alone ... the opening of inmate mail does not state a cognizable constitutional claim." Henderson v. Johnson, 201 Fed. Appx. 284, 286 (5th Cir. 2006)(citing Brewer, 3 F.3d 816, 825 (5th Cir. 1993); Jackson v. Cain, 864 F.2d 1235, 1244 (5th Cir. 1989) (holding that "in order to prevent the sending of contraband, prison authorities may open a prisoner's mail for inspection.") Plaintiff's complaint regarding the opening of his mail outside of his presence should be dismissed.

B. **Access to Court**

A prison official's interference with a prisoner's legal mail may violate the prisoner's constitutional right of access to the courts. However, a prisoner must allege that his right to access the courts has been denied. See Bounds v. Smith, 430 U.S. 817 (1977). There must be a demonstration of actual prejudice or detriment from interference with legal mail, such as prejudice in missing a deadline on a non-frivolous claim, before there is a denial of access to the courts. See Ruiz v. United States, 160 F.3d 273 (5th Cir. 1998).

In this case, Plaintiff concludes that, because he was not timely provided with mail from State Representative A.B. Franklin and CCCDO, Inc., he was late in filing a post-conviction document, and was also unable to vindicate his civil rights in Louisiana

Supreme Court Docket Number 2395. A review of that case reveals that, what Plaintiff actually filed was an "Appeal of Decision of the Disciplinary Board", which was denied in March 2010. See In re Decision of Disciplinary Bd. No. 09-PDB-058, 28 So.3d 1016 (La. 2010). If Plaintiff did file an application for post conviction relief at any time in 2010 as he claims, it would have been untimely well before the alleged deprivation of mail. La. C.Cr.P. Art. 930.8.

Moreover, according to Plaintiff, the information contained in the email from Franklin concerned Plaintiff's eligibility for trustee class. The mail from the CCCDO, Inc. allegedly contained "legislative data bytes" of law regarding smoking in prisons, as well as a schedule of upcoming legislative meetings of the Louisiana legislative committees. None of that information would have been relevant to, or necessary for, Plaintiff's "appeal" of his disciplinary conviction or the filing of a post conviction document in Lafayette. Plaintiff's allegation of actual prejudice in this case is conclusory and unsupported.

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's civil rights action be **DENIED and DISMISSED WITH PREJUDICE** as failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and

Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 12th day of January, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE